Meihua v. Barr
BIA
Loprest, IJ
A087 403 415

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

NI MEIHUA,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-2389
NAC

_____

FOR PETITIONER: John S. Yong, New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Jonathan Robbins, Senior Litigation Counsel; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Meihua Ni,[1] a native and citizen of the People's Republic of China, seeks review of a July 23, 2018 decision of the BIA affirming an August 17, 2017 decision of an Immigration Judge ("IJ") denying her asylum application.[2] *In re Ni Meihua,* No. A087 403 415 (B.I.A. Jul. 23, 2018), *aff'g* No. A087 403 415 (Immig. Ct. N.Y. City Aug. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well established. "We review the BIA's legal conclusions *de novo*, and its factual findings . . . under the substantial

---

[1] Petitioner's name, Meihua Ni, is transposed in the agency's decisions as Ni Meihua. We refer to her in this order as "Ni."

[2] Ni also applied for withholding of removal and relief under the Convention Against Torture, but did not appeal those denials to the BIA, nor does she challenge them in the present petition.

evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

Absent past persecution, a noncitizen may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To do so, an applicant must show either a reasonable possibility that she will be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (explaining that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

The agency reasonably found that Ni did not show that she will be targeted for persecution. First, she did not provide any evidence that Chinese authorities were aware of her religious practice in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008) ("[T]o establish eligibility for relief based exclusively on activities undertaken after [her] arrival in the United

3

States, an alien must make some showing that authorities in [her] country of nationality are (1) aware of [her] activities or (2) likely to become aware of [her] activities."). Second, the agency reasonably afforded minimal weight to the unsworn letters from Ni's relatives in China stating that the police sought to arrest her for distributing religious materials in 2011. *See Y.C.*, 741 F.3d at 334 (deferring to agency's decision to give little weight to unsworn letter from applicant's spouse in China that alleged authorities were looking for the applicant). Those letters lacked detail to substantiate the claim that police still sought to arrest Ni. Thus, given the "absence of solid support in the record" that Chinese authorities will target Ni for her Christian practice in this country or for her distribution of religious materials in China in 2011, her "fear is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency also reasonably concluded that Ni did not show a pattern or practice of persecution in Fujian Province of Christians, like Ni, who do not hold positions of prominence or high visibility within their congregations. The agency relied on the State Department's 2015 International Religious Freedom Report, which states that approximately 45 million

4

Christians practice in unregistered churches in China, and authorities in some areas allow unregistered churches to hold services, although authorities in other areas target and close such churches. The report does not identify Fujian Province as an area where Christians are targeted. Given the large number of Christians practicing in unregistered churches, the fact that restrictions on their activities vary by region, and the lack of evidence that Christians in Fujian Province face heightened restrictions, the agency did not err in determining that Ni did not establish a pattern or practice of persecution of similarly situated Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (upholding denial of pattern or practice claim where evidence reflected that violence was not nationwide and that Catholics in many parts of Indonesia were free to practice their faith); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in requiring locality-specific evidence where the record reflects that conditions vary by region).

Ni's appellate arguments are unavailing. First, she urges us to take administrative notice of the 2018 Religious Freedom Report, but that report is not part of the

administrative record and was not considered by the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting judicial review to "the administrative record on which the order of removal is based"). Moreover, even if the report were to be considered, it nowhere identifies "extraordinary and compelling circumstances" giving rise to a well-founded fear of future persecution. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007); *see* 8 C.F.R. § 1003.2(c). To the contrary, the 2018 report merely notes the one-day detention of a Catholic bishop and a surprise inspection of a kindergarten operated by an unregistered church in Fujian Province — neither of which amounts to widespread targeting of Christians in the area.

Second, Ni cites the 2010 Religious Freedom Report (which *was* before the agency) as evidence of local targeting of Christians in Fujian Province. But that report identified only interference with the funeral of a Catholic bishop and the detention of Catholic priests in Fujian Province, not the targeting of individual Christians, like Ni, who do not hold leadership positions. Thus, even in light of this report, the agency did not err in finding that Ni had not established "systemic or pervasive" persecution of similarly situated

6

Christians sufficient to demonstrate a pattern or practice of persecution. *In re A-M-*, 23 I. & N. Dec. at 741; 8 C.F.R. § 1208.13(b)(2)(iii).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7